hSCHOTT, Chief Judge.
On the application of the State of Louisiana we grant certiorari in order to consider the validity of a judgment of the trial court granting defendant’s motion to suppress evidence. The case was submitted on the State’s application, the transcript of the hearing on the motion, and a reply brief by defendant. Oral argument was not held since it would have been of no assistance to the court.
Officers were in the vicinity of Pine and Olive Streets in New Orleans because of the large amount of drug activity occurring at *14 that corner. As they drove to the corner they saw the defendant with his back to them. He turned and saw them, became startled, and placed an object into his mouth. Officer O’Neal testified that he knew from past experience that defendant was probably trying to conceal drugs. The officers stopped their car, approached defendant, and told him to open his mouth. When he did, they observed two pieces of rock cocaine which they retrieved.
This case is much like State v. Desmond, 593 So.2d 965 (La.App. 4th Cir.1992), in which the defendant upon seeing the approaching officers, placed some sort of plastic in his mouth. Based upon past experience the officers ^believed the plastic contained drugs and defendant was attempting to swallow it. One of the officers grabbed defendant by the throat to prevent him from swallowing the plastic objects. After a struggle they found two packets of cocaine on the ground, one of which might have fallen from defendant’s mouth. The court found that defendant was legally stopped pursuant to LSA-C.Cr.P. art. 215.1 and that the officers adopted reasonable measures to retrieve contraband and prevent its destruction. The same result obtains in the instant case.
In Desmond the court discussed State v. Tapp, 353 So.2d 265 (La.1977). The principal issue in that case was whether measures taken by police to prevent a defendant from swallowing evidence were unreasonable and therefore unconstitutional. However, in that case the court prefaced its discussion with the statement at page 267:
We assume for our present purposes that the officers reasonably believed that defendant was attempting to swallow contraband, and they had a reasonable basis on which to arrest him for its possession.
This approach is applicable to the instant case. The officers clearly believed, based upon what they saw and there own experience, that the defendant placed drugs in his mouth. They had probable cause to arrest him for possession of controlled substances pursuant to La.C.Cr.P. art. 213. Consequently, their inspection of his mouth was incident to his arrest and was not -unreasonable.
Accordingly, the judgment of the trial court is reversed, defendant’s motion to suppress the evidence is denied, and the case is remanded to the trial court for further proceedings.

REVERSED AND REMANDED.